FILED

2017 APR -5 PM 4:08

CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF OHIO
TOLEDO

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | INDICTMENT |
| Plaintiff, | ) | |
| | ) | **5:17 CR 132** |
| v. | ) | CASE NO. |
| | ) | Title 18, Section 1343, United States Code |
| TODD A. REPASS, | ) | |
| | ) | Judge Gaughn |
| Defendant. | ) | MAG. JUDGE BURKE |

COUNT 1
Wire Fraud (Title 18, United States Code, Section 1343)

The Grand Jury charges:

1. Defendant TODD A. REPASS was a resident of northwest Ohio, and later, Florida. He was a self-styled financial software entrepreneur, creating various computer programs marketed to consumers and others to assist them in selecting profitable securities trades. REPASS marketed these programs under various names, including Premier Center, Ltd., ProfessorTrades, ProCharts, TradeMyWay, PinkTrader, OMTG Software Group, TRG Omega Global, and OmegaCharts (collectively the "Online Trading Programs"). REPASS sold access to the Online Trading Programs on a subscription basis.

2. From in or around 2005 and continuing through the date of this indictment, in the Northern District of Ohio, and elsewhere, Defendant TODD A. REPASS knowingly devised and

ORIGINAL

intended to devise a scheme and artifice to defraud and to obtain money and property by means of false and fraudulent pretenses, representations, and promises.

3. The scheme involved Defendant TODD A. REPASS soliciting investments from multiple victims by assuring each of them that they could make a high rate of return and that their money was needed for developing and successfully marketing the Online Trading Programs. In truth, REPASS had no intention of using the money to develop the Online Trading Programs, no intention of earning a high rate of return for the investors, and no intention of paying the investors back. Instead, REPASS needed and used the investor money to maintain his lavish lifestyle.

4. To perpetuate the scheme and to avoid its detection, Defendant TODD A. REPASS maintained several Internet websites that allowed victims and customers to access the Online Trading Programs. REPASS employed a computer programmer who worked in Portage County (Ohio), to maintain the websites for the Online Trading Programs. Maintaining the websites required REPASS's computer programmer to communicate via interstate wire communication sent from the Northern District of Ohio to other states, including Florida.

5. In operating this scheme, Defendant TODD A. REPASS employed numerous fraudulent and deceptive practices, including:

    a. Falsely telling investors that they could earn a significant rate of return on their investments in the Online Trading Programs;

    b. Falsely telling investors that he was actively growing and developing the Online Trading Programs as a business when in fact he was making minimal changes to the programs and creating new product names for the same concept;

    c. Falsely telling investors that additional money was needed immediately in

order to avoid the financial failure of the Online Trading Programs;

  d. Using "promissory notes" to portray a victim's investment as a "loan" in order to conceal the investment's true nature and the fact that REPASS was soliciting investments in the Online Trading Programs and promising high rates of return;

  e. Signing "promissory notes" that REPASS had no intention of honoring at the time he signed them;

  f. Issuing repayment checks to investors in order to appease them but with the intention of stopping payment on the checks before investors could successfully negotiate them; and

  g. Maintaining Internet websites for, and Internet subscriber access to, the Online Trading Programs in order to present the appearance of a prosperous business and to conceal the fact that REPASS was using victim investments for personal use.

6. For the purpose of executing and attempting to execute the scheme and artifice to defraud, Defendant TODD A. REPASS transmitted and caused to be transmitted by means of wire communication in interstate and foreign commerce, writings, signs, signals, and pictures, to wit: Sending and causing to be sent wire communications between the Northern District of Ohio and Florida and other states for the purpose of creating, maintaining, and operating Internet websites, including OmegaCharts.com, for the Online Trading Programs.

All in violation of Title 18, United States Code, Sections 1343.

## COUNT 2
Wire Fraud (Title 18, United States Code, Section 1343)

The Grand Jury charges:

7. The factual allegations of paragraphs 1, 3, 4, and 5 of this indictment are incorporated by reference herein.

3

8. From no later than 2005 and continuing through the date of this indictment, in the Northern District of Ohio, and elsewhere, Defendant TODD A. REPASS knowingly devised and intended to devise a scheme and artifice to defraud and to obtain money and property by means of false and fraudulent pretenses, representations, and promises.

9. For the purpose of executing and attempting to execute the scheme and artifice to defraud, Defendant TODD A. REPASS transmitted and caused to be transmitted by means of wire communication in interstate and foreign commerce, writings, signs, signals, and pictures, to wit: Sending and causing to be sent interstate wire communications through various Internet websites, including OmegaCharts.com, to various states and district, including the Northern District of Ohio, that advertised and provided customer access to one or more of the Online Trading Programs.

All in violation of Title 18, United States Code, Sections 1343.

### FORFEITURE

The Grand Jury further charges:

10. The allegations contained in Counts 1 and 2 of this indictment are hereby re-alleged and incorporated herein by reference for the purpose of alleging forfeiture pursuant to 18 U.S.C. § 981(a)(1)(C) & 28 U.S.C. § 2461 and 18 U.S.C. § 982(a)(2).

11. As a result of the foregoing offenses, the Defendant, TODD A. REPASS, shall forfeit to the United States all property, real and personal, which constitutes or is derived from proceeds traceable to the commission of such offense(s), 18 U.S.C. § 981(a)(1)(C) & 28 U.S.C. § 2461; and, all property constituting, or derived from, proceeds the defendant obtained directly or indirectly as the result of such offense(s), 18 U.S.C. § 982(a)(2)

12. The Defendant, TODD A. REPASS, shall forfeit property, including, but not

limited to, a sum of money equal to the value of all property involved in Counts 1 and 2 in the form of a money judgment pursuant to 21 U.S.C. § 853(p), as incorporated by 28 U.S.C. § 2461(c), 18 U.S.C. § 982(b)(1), and 31 U.S.C. § 5317(c)(1)(B), and Federal Rule of Criminal Procedure 32.2.

### Substitute Property

13. In the event that any property subject to forfeiture under 18 U.S.C. § 981(a)(1)(C) & 28 U.S.C. § 2461, and/or 18 U.S.C. § 982(a)(2), and/or 18 U.S.C. § 982(a)(1), and/or 31 U.S.C. § 5317(c)(1), as a result of any act or omission of the Defendant:

    a.) cannot be located upon exercise of due diligence;

    b.) has been transferred or sold to, or deposited with a third party;

    c.) has been placed beyond the jurisdiction of this Court;

    d.) has been substantially diminished in value; or

    e.) has been commingled with other property which cannot be divided without difficulty.

14. It is the intent of the United States, pursuant to 21 U.S.C. § 853(p), as incorporated by 28 U.S.C. § 2461(c), 18 U.S.C. § 982(b)(1), and 31 U.S.C. § 5317(c)(1)(B), to seek forfeiture of any other property of the Defendant, up to the value of the forfeitable property described above.

A TRUE BILL.

Original document - Signatures on file with the Clerk of Courts, pursuant to the E-Government Act of 2002.